## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES,** | )<br>)<br>) | |
| **Plaintiff,** | )<br>) | **CRIMINAL ACTION**<br>**NO.  18-40010-TSH** |
| **v.** | )<br>)<br>)<br>) | |
| **JOESPH HERMAN,** | )<br>) | |
| **Defendant.** | )<br>)<br>) | |

## ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE
### (Docket No. 264)

**August 20, 2021**

**HILLMAN, D.J.,**

Before the Court is Joseph Herman's motion for compassionate release. Mr. Herman ("Mr. Herman" or "Defendant") pled guilty to 1 count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); 1 count of false statements, in violation of 18 U.S.C. § 1001(a)(2); and 1 count of attempted tampering with a witness, in violation of 18 U.S.C. § 1512(b)(1).  On December 16, 2020, I sentenced Mr. Herman to 22 months of imprisonment followed by 1 year of supervised release.

After sentencing, I extended Mr. Herman's self-report date to FMC Devens from January 22, 2021 to May 6, 2021 against the Government's objection due to the COVID-19 outbreak at that facility and the vaccination rates therein.  (Docket Nos. 250, 253).  Mr. Herman opted to begin his sentence on March 23, 2021.  On May 27, 2021, Mr. Herman filed a *pro se* motion for compassionate release, which was moot after I granted his motion to appoint counsel.  (Docket

Nos. 260, 263).   Through counsel, Mr. Herman has filed his second motion for compassionate release from FMC Devens, in which he asks for his sentenced to be reduced to time served and that he be ordered to begin his period of supervised release either as originally ordered or as extended by the number of months remaining on his original sentence.  (Docket No. 264).

For the reasons set forth below, the motion is ***denied without prejudice*** to renew upon a change in circumstances at FMC Devens, a change in Mr. Herman's health or circumstances, or as new medical information about COVID-19 or COVID-19 vaccines becomes available.

## Discussion

Section 3582(c) begins with the general principle that "a court may not modify a term of imprisonment once it has been imposed . . ." Upon motion of the Director of the Bureau of Prisons ("BOP") or a defendant, however, a court "may reduce the term of imprisonment (and may impose a term of probation and supervised release with or without conditions that does not exceed the unserved portion of the original terms of imprisonment), after considering the factors set forth in § 3553(a) to the extent that they are applicable,[1] if it finds that ". . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A).

Although the Commission has not released an updated policy statement addressing when compelling and extraordinary reasons exist for sentence reduction in the context of the COVID-

---

[1] The § 3553(a) factors include: (1) the need for the sentence imposed to, among other factors, reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct; (2) the kinds of sentences available; (3) the kinds of sentences and the sentencing range established by the applicable category of offense and defendant; (4) any pertinent policy statement guidelines issued by the Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar record who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

19 pandemic, federal courts have used its most recent November 2018 policy statement as guidance.  Under that guidance as it pertains to a defendant's medical condition, compelling and extraordinary circumstances exist when the defendant is suffering from a terminal illness or is: "(I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13.

Upon consideration of the current state of the COVID-19 pandemic, including the circumstances at FMC Devens, along with an assessment of the relevant factors specific to the Defendant, I find that Mr. Herman has not met the burden necessary to secure a compassionate release.  The relevant factors include: (1) the seriousness of the defendant's medical condition; (2) the health, safety, and living conditions at the facility where the defendant is housed; and (3) the crime of conviction and length of the remaining sentence.

As a preliminary issue, this Court has authority to review the motion for compassionate release because Mr. Herman has exhausted his administrative remedies.  (Docket No. 258-1).

Despite the concerning rise of the COVID-19 Delta variant, conditions at FMC Devens have substantially improved since I delayed Mr. Herman's self-report date.  As of August 19, 2021, the BOP reports that there are just 2 inmate cases and 3 staff COVID-19 cases at that facility, out of a total inmate population of 763.  FEDERAL BUREAU OF PRISONS: COVID-19 CORONAVIRUS, https://www.bop.gov/coronavirus/ (last visited August 19, 2021).  89.5% of the inmates are vaccinated, as is Mr. Herman, who received his second dose of the Moderna vaccine on June 1, 2021.  *Id.*; Docket No. 259-1 at 1.

3

Mr. Herman argues that he should be released because his medical conditions put him at an increased risk of severe complications from COVID-19, and reminds the Court that breakthrough infections remain a threat, if an obscure one.  Although Mr.  Herman's chronic medical conditions—obesity and hypertension—put him at an increased risk of severe illness should he contract COVID-19, the Moderna vaccine is more than 91% effective at preventing COVID-19.  CDC: Moderna COVID-19 Vaccine Safety Overview and Safety, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html (updated Aug. 19, 2021).[2]  New information about vaccine efficacy in prison settings, the need for a secondary "booster" vaccine, or vaccine-resistant COVID-19 variants could emerge in the future, but there is no question now that the vaccine has dramatically reduced Mr. Herman's risk of contracting COVID-19 or experiencing a severe course of illness if he contracts the virus.  At this time, the scientific consensus is still that breakthrough infections are uncommon, as are hospitalizations or deaths arising from breakthrough infections, though the Court concedes that the science is not settled.  *See* Apporva Mandavillli, *In a Handful of States, Early Data Hint at a Rise in Breakthrough Infections*, NYT (Aug. 17, 2021).

The nature of Mr. Herman's offense and the length of his remaining sentence further weigh against Mr. Herman's early release.  In 2017, Mr. Herman knowingly used more than $240,000 in illegal drug proceeds to renovate the restaurant he managed and for his personal expenses; when he came under suspicion, he asked a grand jury witness to lie under oath to the grand jury to exonerate him.  Mr. Herman's projected release date is October 14, 2022.  To date, he has served approximately 25% of his 22-month sentence.   While the Court appreciates that he

---

[2] Counsel's cryptic remark that Mr. Herman "[h]as other medical conditions that make him more susceptible to infection from COVID-19" is not helpful.  (Docket No. 264 at 2).

has been a model prisoner for the past five months, has secure employment waiting for him, and has stable housing and a supportive family, releasing Mr. Herman now would be against the interest of justice.

### Conclusion

Given the length of his remaining sentence, the nature of his offense, his vaccinated status and the conditions at FMC Devens, Mr. Herman has failed to demonstrate the necessary compelling and extraordinary circumstances to justify his early release.  The motion is ***denied without prejudice***.  Mr. Herman may renew his motion upon a change in circumstances at FMC Devens, a change in his health or circumstances, or as new medical information about COVID-19 becomes available.


**SO ORDERED.**

*/s/ Timothy S. Hillman*
**Timothy S. Hillman**
**District Judge**